# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **RAY ELMO NESBITT,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:14CV00078 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **LT. BOWMAN, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Ray Elmo Nesbitt, Pro Se Plaintiff.*

The plaintiff, a state inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that although he is only allergic to turkey, jail officials refuse to provide him the other meats served to his fellow inmates. The court filed the action on condition that plaintiff consent to payment of the filing fee and demonstrate exhaustion of administrative remedies. Upon review of the record, I find that while plaintiff has fulfilled these prefiling conditions, his lawsuit must be summarily dismissed without prejudice as frivolous.

I

Plaintiff Ray Elmo Nesbitt is an inmate at the Southwest Virginia Regional Jail ("the jail") located in Abingdon, Virginia. Nesbitt alleges that he has a documented allergy to turkey products. He emphasizes, however, that he is not a

vegetarian and would like to eat chicken, beef, and soy products that are served to other members of the jail's general population. Jail officials, however, have placed Nesbitt on a vegetarian diet. Nesbitt has filed grievances, asking to receive all foods served to other general population inmates except turkey, but officials have continued to serve him the vegetarian diet.

Nesbitt sues jail officials under § 1983, contending that they are discriminating against him because of his medical condition. Nesbitt seeks injunctive relief directing that he receive "meat tray[s] like everyone else." (Compl. 2.)

II

The court must dismiss an action filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact," because it is "based on an indisputably meritless legal theory" or based on "factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

To state a cause of action under §1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show

that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Nesbitt's discrimination claim arises, if at all, under the Equal Protection Clause of the Fourteenth Amendment, which "requires that similarly-situated individuals be treated alike" by state officials. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Moreover, if the different treatment at issue has "some reasonable basis . . . [it] does not offend the Constitution simply because . . . it results in some inequality." *Id.* at 305 (internal quotation marks and citations omitted).

Nesbitt's discrimination claim fails for at least two reasons. First, he is not "similarly situated" to the other general population inmates who are not allergic to turkey. Second, jail officials may reasonably address this difference between Nesbitt and other inmates by providing Nesbitt with a diet that ensures they will not accidently serve him a meat dish containing turkey that triggers an allergic reaction. Thus, the jail official's dietary choice for Nesbitt does not violate the Equal Protection Clause.

III

For the stated reasons, Nesbitt's factual allegations do not provide any basis

for an actionable constitutional claim against jail officials.* Therefore, his complaint under § 1983 must be summarily dismissed as frivolous, pursuant to § 1915A(b)(1). *Neitzke*, 490 U.S. at 327.

A separate Final Order will be entered herewith.

DATED: March 27, 2014

/s/ James P. Jones
United States District Judge

---

* I note that Nesbitt's complaint also fails to state any actionable claim under the Eighth Amendment, which provides an inmate protection from cruel and unusual prison conditions. *Shakka v. Smith*, 71 F.3d 162, 165 (4th Cir. 1995). To state a § 1983 claim regarding conditions, the prisoner must either "produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions," or "demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions." *Id.* at 166.

Nesbitt fails to demonstrate that he has sustained any harm from receiving meatless meals or that he is at any risk of doing so if the jail continues to provide him a vegetarian diet against his will. Thus, his factual allegations state no plausible claim that the jail's chosen method of accommodating his dietary needs violates the Eighth Amendment.